Read, J.
(dissenting in People v Argyris and People v DiSalvo, concurring in result in People v Johnson). We have held that an anonymous tip supplies reasonable suspicion only if it “contains predictive information — such as information suggestive of criminal behavior — so that the police can test the reliability of the tip” (People v Moore, 6 NY3d 496, 499 [2006]; see generally dissenting op of Rivera, J. at 1176-1179 [discussing Moore]). In light of the United States Supreme Court’s recent decision in Navarette v California (572 US —, 134 S Ct 1683 [2014]), the People urge us to dispense with the requirement for predictive information and adopt a totality-of-the-circumstances or some other more expansive test to justify a forcible stop based on an anonymous tip. These appeals therefore pose the question whether the police can have reasonable suspicion to stop an individual based solely on an anonymous tip that does not provide predictive information. I would adhere to our Moore precedent and answer “No.”
Where to draw the line separating permissible from forbidden police conduct inevitably requires courts to balance the interests of individual privacy and liberty on the one hand and public safety and security on the other. This is usually not an easy exercise with obvious answers. That is certainly the case here, where Judge Smith’s and Judge Abdus-Salaam’s concurrences and Judge Rivera’s dissent all make excellent arguments in support of the different standards that they espouse. And Navarette itself was a vigorously disputed 5-4 decision. I recognize, of *1169 course, that we might have decided Moore differently if, at the time, federal constitutional law had allowed us to do that. Still, the Moore rule is clear, reasonable and well-established. I therefore see no reason to depart from it.